Craig Zimmerman, Esq. (#167545)
Gloria Ha, Esq. (#148708)
Law Offices of Craig Zimmerman
1221 E. Dyer Road, Suite 120
Santa Ana, CA 92705
Tel: 714-933-4506  Fax: 714-545-2311
Email: gha@craigzlaw.com

Attorneys for Plaintiff
RYAN GERLACH

FILED

2012 JUN 28  PM 12: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA

BY:

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GERLACH,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SRA ASSOCIATES, INC., CIGPF I CORP, AMERICAN CORADIUS INTERNATIONAL, LLC, SYSTEMS AND SERVICES TECHNOLOGIES, INC., NCO, INC., EXPERT GLOBAL SOLUTIONS, INC., AND DOES 1 TO 10,<br><br>                    Defendants. | CASE NO.   **SACV12-01058 JST (Ex)**<br><br>**COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, RYAN

GERLACH, an individual consumer, against Defendants SRA ASSOCIATES, INC. (hereinafter

"SRA"), a debt collection agency, CIGPF I CORP (hereinafter "CIGPF"), a consumer creditor,

AMERICAN CORADIUS INTERNATIONAL, LLC (hereinafter "ACI"), a debt collection

agency, SYSTEMS AND SERVICES TECHNOLOGIES, INC. ("hereinafter "SST"), a debt

collection agency, NCO, INC. (hereinafter "NCO"), a debt collection company, and EXPERT

GLOBAL SOLUTIONS, INC. (hereinafter "EGS"), a corporation, for breach of contract, fraud,

and violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil

1   Code §1788 et. seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15

2   U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in

3   abusive, deceptive and unfair debt collection practices.

4       2.  Mr. Gerlach makes these allegations on information and belief, with the exception of

5   those allegations that pertain to himself which he alleges on personal knowledge.

6       3.  Unless otherwise stated, plaintiff alleges that any violations by Defendants were

7   knowing and intentional and that Defendants did not maintain procedures reasonably adapted

8   to avoid any such violation.

9   **JURISDICTION AND VENUE**

10      4.  Subject-matter jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C.

11  §1692(k) and 28 U.S.C. §1367 for supplemental state claims.

12      5.  A court of this state may exercise jurisdiction on any basis not inconsistent with the

13  Constitution of this state or of the United States. Cal. Civ. Proc. Code Ann. § 410.10 (West).

14  Personal jurisdiction is established for the following Defendants because their activity within the

15  state of California constitutes sufficient "minimum contacts." World-Wide Volkswagen Corp. v.

16  Woodson, 444 U.S. 286, 291 (1980). These Defendants have an agent for service of process in

17  California and are incorporated in California for the purpose of carrying on their debt collection

18  businesses. Therefore, since the Defendants availed themselves of the privileges of the State of

19  California, it is "foreseeable" that they would have to defend a lawsuit there. Id. at 297.

20      6.  ACI's agent for service of process is the CSC- Lawyers' Incorporating Service located at

21  2710 Gateway Oaks Dr. Suite 150N, Sacramento, CA 95833. SRA's agent for service of process

22  is the CSC- Lawyers' Incorporating Service located at 2710 Gateway Oaks Dr. Suite 150N,

23  Sacramento, CA 95833. NCO's and SST's agent for service of process is CT Corporation

24  System located at 818 W Seventh St. Los Angeles, CA 90017. NCO and/or SST maintain several

25  facilities in California.

26      7.  Venue is proper pursuant to 28 U.S.C. §1391. Venue is proper where a substantial part of

27  the events giving rise to the claim occurred or where any Defendant reside. Since the Defendants

28  are not natural persons, venue is proper where they are subject to personal jurisdiction, which is

1   established in Paragraph 6 as being California. Further, venue is established because a substantial

2   part of the events giving rise to the Plaintiff's claim occurred in California, the negotiation of the

3   settlement agreement contract.

4                                  **THE PARTIES**

5       8.  Plaintiff, Mr. Gerlach, is a natural person residing in Jefferson County, in the State of

6   Illinois.

7       9.  Defendant, SRA Associates, Inc., is incorporated in California and New Jersey. SRA

8   does business nationally as a debt collection agency.

9       10. Defendant, CIGPF I Corp., is incorporated as a domestic corporation in the State of New

10  York and as a foreign corporation in Illinois. CIGPF does business nationally as a creditor.

11      11. Defendant, ACI, is a registered LLC in California, and does business as a debt collection

12  agency.

13      12. Defendant, Expert Global Solutions, Inc. EGS is incorporated in several states and does

14  business internationally, providing a multitude of services.

15      13. Defendant, NCO, is incorporated in California and does business as a debt collection

16  agency nationally. NCO is owned by Defendant, EGS.

17      14. Defendant, SST, is incorporated in several states and does business nationally as a debt

18  collection agency. SST is owned by NCO.

19      15. Mr. Gerlach is allegedly obligated to pay a debt and is a "consumer" as that term is

20  defined by 15 U.S.C. §1692a(3).

21      16. Defendants are persons who use an instrumentality of interstate commerce or the mails in

22  a business the principal purpose of which is the collection of debts, or who regularly collects or

23  attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another

24  and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §1692a(6).

25      17. Mr. Gerlach is a natural person from whom a debt collector sought to collect a consumer

26  debt which was due and owing or alleged to be due and owing from Mr. Gerlach, and is a

27  "debtor" as that term is defined by California Civil Code §1788.2(h).

28      18. Defendants SRA, NCO, ACI, SST, and EGS, in the ordinary course of business,

1   regularly, on behalf of others, engage in debt collection as that term is defined by California

2   Civil Code §1788.2(b), are therefore a debt collectors as that term is defined by California Civil

3   Code §1788.2(c). Specifically in this case Defendants, in the ordinary course of business,

4   engaged in debt collection as that term is defined by California Civil Code §1788.2(b) with

5   regard to the debt allegedly owed by Mr. Gerlach to CIGPF, originally debt owed to Providian

6   Credit Corporation ("Providian").

7       19. This case involves money alleged to be due or owing from a natural person by reason of a

8   consumer credit transaction. As such, this action arises out of a consumer debt and "consumer

9   credit" as those terms are defined by California Civil Code §1788.2(f).

10                          **FACTUAL ALLEGATIONS**

11      20. At all times relevant to this matter, Mr. Gerlach was an individual residing within the

12   State of Illinois.

13      21. At all times relevant, Defendants negotiated the settlement contract at issue in the state of

14   California.

15      22. Some time before January 1, 2009, Mr. Gerlach is alleged to have incurred certain

16   financial obligations to Defendant CIGPF, which was originally debt owed to Providian.

17      23. These financial obligations were primarily for personal family or household purposes and

18   are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19      24. These alleged obligations were money, property, or their equivalent, which is alleged to

20   be due or owing, from a natural person to another person and are therefore a "debt" as that term

21   is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by

22   California Civil Code §1788.2(f).

23      25. Mr. Gerlach allegedly fell behind in the payments allegedly owed on the alleged debt to

24   Providian. Mr. Gerlach takes no position as to the validity of this alleged debt.

25      26. Thereafter on an unknown date, the alleged debt was assigned, placed or otherwise

26   transferred to ACI and/or NCO for collection. CIGPF became the new creditor for the debt.

27      27. One or more of the Defendants represented that as the assigned debt collector for Mr.

28   Gerlach's consumer debt ending in *842, one or more of the Defendants had the ability to bind

1    its client CIGPF in any settlement agreement contract entered into with Mr. Gerlach.

2        28. In its capacity as CIGPF's agent, Defendant SRA prepared a written settlement contract

3    resolving in full the "consumer debt" ending in *842 allegedly owed by Mr. Gerlach to CIGPF,

4    originally owed to Providian.  (See Exhibit "A" to the Complaint)

5        29. The terms of the settlement agreement required $2,300 as a settlement in full to be made

6    in five payments; $1,178 on or before May 31, 2011; $280.50 on or before June 27, 2011;

7    $280.50 on or before July 27, 2011; $280.50 on or before August 26, 2011; and $280.50 on or

8    before September 27, 2011.

9        30. Defendant SRA and/or any other Defendants were to process the payment.

10       31. In consideration for this payment, Mr. Gerlach would receive from Defendants a

11   discharge in full of his alleged consumer debt ending in *842 along with appropriate notification

12   to the credit reporting agencies thereafter, as required by law.

13       32. Defendant SRA and/or any other Defendants arranged for the payment to be processed

14   using check #6003, dated July 27, 2011.

15       33. Mr. Gerlach timely made his July 27, 2011 payment.

16       34. Subsequently, on or around August 11, 2011, Mr. Gerlach learned for the first time that

17   SRA and/or any other Defendants failed to process the payment.

18       35. On an unknown date, ACI contacted Mr. Gerlach in an attempt to collect on the debt

19   again.

20       36. Through this conduct, which includes, but is not limited to breach of the settlement

21   agreement, fraud, the false, misleading, deceptive, unfair or unconscionable practice of initiating

22   and entering into a settlement agreement then placing the account with a different third party

23   debt collector for further collection, the natural consequences of which was to harass, oppress

24   and abuse Mr. Gerlach in connection with the collection of an already settled debt, Defendants

25   SRA, NCO, and EGS violated RFDCPA §1788.13(e) and RFDCPA §1788.14(b).

26   //

27   //

28   //

## COUNT I

## BREACH OF CONTRACT

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The consideration set forth in the May 26, 2011 settlement agreement contract was fair and reasonable.

39. Mr. Gerlach performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the May 26, 2011 settlement agreement contract.

40. On or about July 27, 2011 one or more Defendants breached said agreement by refusing to accept Mr. Gerlach's payment pursuant to the terms of the settlement agreement contract.

41. By reason of Defendants breach of said settlement agreement contract as herein alleged, Mr. Gerlach, already suffered actual damages in the sum of $1,739.00, the amount he paid pursuant to the settlement agreement that Defendant(s) breached.

42. Plaintiff prays to recover attorney fees incurred in the enforcement of the provisions of the settlement agreement contract and enforcement of the settlement agreement contract.

## COUNT II

## ACTUAL FRAUD

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. One or more Defendants made representations that the settlement agreement contract would end the dispute. Defendant(s) knew that these representations were false, as is evidenced by their further conduct to sell the purported debt of Mr. Gerlach to one or more other Defendants.

45. On or about May 26, 2011, with full knowledge and intent to induce Mr. Gerlach to pay, Defendants presented Mr. Gerlach with the settlement agreement contract regarding his alleged consumer credit account ending in *842 with Providian, later allegedly acquired by CIGPF. Defendants made a promise without any intention of performing it.

46. Mr. Gerlach relying on the representations made by one or more Defendants, entered into the settlement contract and made the initial payment of $1,178, and subsequent payments of $280.50.

47. The reliance on the part of Mr. Gerlach is justifiable because a reasonable person in his position would want to settle the case rather than go to litigation against powerful credit card companies. Notwithstanding how the purported debt came to exist or how the situation came to the settlement negotiations, Mr. Gerlach was reasonable in believing that the Defendants would be true to their words and representations.

48. SRA and/or one or more other Defendants led Mr. Gerlach to believe that the account ending in *842 was resolved and SRA and/or one or more other Defendants intentionally hid the fact that it did not process the payments made by Mr. Gerlach; never giving him notice that the account was recalled or had otherwise been transferred to CIGPF.

49. Once Mr. Gerlach's account ending in *842 was transferred to one of the Defendants, another consumer debt collector, the new debt collector refused to honor the original settlement agreement. Mr. Gerlach suffered damages because the new debt collector, one of the Defendants, instead demanded renegotiations based on a new, higher balance, due to the accrual of interest.

50. As a result, Mr. Gerlach prays for actual and punitive damages for Defendants' fraud as well as any other such relief as the court deems appropriate.

## COUNT III

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

51. Mr. Gerlach repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

53. One or more Defendants used false or deceptive practices to collect the debt purported to be owed by Mr. Gerlach. 15 U.S.C. §1692e(10).

54. As a result of each and every violation of the FDCPA, Mr. Gerlach is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

## COUNT IV

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

## CAL. CIV. CODE §§1788-1788.32

55. Mr. Gerlach repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above cited provisions of the RFDCPA, California Civil Code §§1788-1788.32.

57. One or more Defendants used false or deceptive practices to collect the debt purported to be owed by Mr. Gerlach. California Civil Code §1788.17.

58. As a result of each and every violation of the RFDCPA, Mr. Gerlach is entitled to any actual damages pursuant to California Civil Code §1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to California Civil Code §1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code §1788.30(c) from the Defendants.

59. As a result of the above violations of the Rosenthal Act, the Defendant is liable to Mr. Gerlach in the sum of Mr. Gerlach's actual damages, statutory damages in an amount up to $1,000 and reasonable attorney's fees and costs from the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Judgment be entered against the Defendant:

1. For a monetary award in the amounts of:

(a) Plaintiff's actual damages;

(b) $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1692k;

(c) $1,000.00 statutory damages, pursuant to C.C. §1788.30(b);

(d) $1,000.00 statutory damages, pursuant to 15 U.S.C. §1681n(a)(1)(A)

(e) Punitive Damages for fraud and for a knowing or willful violation in the amount of not less than $100 and up to $5,000 for each violation as the court deems proper pursuant to California Civil Code §1785.31(a)(2)(B) and 15 U.S.C. §1681n(a)(1)(B)(2);

1       (f) Restitution pursuant to Cal. Bus. & Prof. Code §17200;

2       (g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, C.C. §1788.30(c)

3   and 15 U.S.C. §1681n(a)(1)(B)(3);

4       2. For such other and further relief as the Court may deem just and proper.

5   Respectfully Submitted

6   Dated:   6/21/12

7                                           By

8                                               Craig Zimmerman, Esq. (#167545)
                                                Gloria Ma, Esq. (#148708)
9                                               Law Offices of Craig Zimmerman
                                                Attorneys for Plaintiff
                                                RYAN GERLACH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-
Complaint for Damages

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Ryan Gerlach

**DEFENDANTS**
SRA Associates, Inc., CIGPF I Corp, American Coradius International, LLC, Systems and Services Technologies, Inc., NCO, Inc., Expert Global Solutions, Inc., And Does 1 to 10,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Law Offices of Craig Zimmerman, Craig Zimmerman, Esq. (#167545)/Gloria Ha, Esq. (#148708)
1221 E. Dyer Road, Suite 120, Santa Ana, CA 92705; Tel: 714-933-4506

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☑ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to Distr Judge from Magistrate Judg

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
RFDCPA, FDCPA, Actual Fraud, Breach of Contract; Defendant engaged in unfair debt collection practices in violation of 15 USC 1692 and numerous state and commo

**VII. NATURE OF SUIT** (Place an X in one box only.)
law causes of actio

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standai Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Ac |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUIT |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plain or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 2 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number:   **SACV12-01058 JST (Ex)**

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Mount Vernon, IL |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Sacramento |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 22, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

`This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1058 JST (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Craig Zimmerman, Esq. (#167545)
Gloria Ha, Esq. (#148708)
Law Offices of Craig Zimmerman
1221 East Dyer Road, Suite 120
Santa Ana, CA 92705
Tel: 714-933-4506; Fax: 714-545-2311

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Ryan Gerlach | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> v. | **SACV12-01058 JST (Ex)** |
| SRA Associates, Inc., CIGPF I Corp, American Coradius International, LLC, Systems and Services Technologies, Inc., NCO, Inc., Expert Global Solutions Inc., And Does 1 to 10, <br> DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): SRA Associates, Inc., CIGPF I Corp, American Coradius International, LLC, Systems and Services Technologies, Inc., NCO, Inc., Expert Global Solutions, Inc., And Does 1 to 10,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Gloria Ha_____, whose address is _1221 E. Dyer Road, Suite 120, Santa Ana, CA 92705_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **JUN 28 2012**

By: _____ROLLS ROYCE_____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS